UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BRUNEL MAXINEAU,                                    MEMORANDUM AND ORDER

                Plaintiff,                      13-CV-04093 (ENV)

        - against -

CITY AUTO BODY OF VALLEY STREAM,

                Defendant.
----------------------------------------------------------------x
VITALIANO, D.J.

      Plaintiff Brunel Maxineau, who is currently incarcerated at Bare Hill Correctional Facility, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons discussed below, the Court observes that plaintiff's claim is precluded by the doctrine of collateral estoppel. The § 1983 action is dismissed.

## Background

      Plaintiff alleges that his car was improperly seized from defendant City Auto Body Shop of Valley Stream ("City Auto"), as a result of plaintiff's February 22, 2008 arrest. (Compl. at ¶ 2). Maxineau further alleges that City Auto failed to notify him that it had released his car to the police. City Auto, it is further alleged, released the car to the police even though no warrant had been issued. (Id. at ¶ 5-6). Plaintiff seeks monetary damages.

      The flap over the car is not new to the Court. This is the second action that

1

Maxineau has brought based on essentially the same allegations. See Maxineau v. City of New York, et al. 11-cv-02657 (ENV) (hereinafter "Maxineau I"). By order dated July 13, 2011, plaintiff's claim against City Auto was dismissed pursuant to 28 U.S.C. § 1915A, and his claim against the remaining defendant, the City of New York, was allowed to proceed. Id. [ECF Doc. No. 8]. Most of Maxineau's claims against the City were subsequently dismissed as well, although one remains pending. Maxineau I, 2013 WL 3093912 (E.D.N.Y. June 18, 2013).

## Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. As such, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of all well-pleaded, nonconclusory factual allegations in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). Nonetheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Even though *pro se* pleaders

whose claims are dismissed at threshold are ordinarily given the opportunity to amend their complaints, no such leave is required in cases like the instant one, where repleading in this action would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a pro se complaint where amendment would be futile).

## Discussion

The Court may dismiss a complaint *sua sponte* if it determines that the doctrine of collateral estoppel serves to bar plaintiff's action. See Smeraldo v. City of Jamestown, No. 11-cv-4902, 2013 WL 627719, at *2 (2d Cir. Feb. 21, 2013) (the Court "was free to raise [collateral estoppel] *sua sponte*, even without permitting an adversely affected party an opportunity to argue the issue."); see also Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003) (noting that a district court may *sua sponte* dismiss an action on collateral estoppel grounds).

Collateral estoppel, or issue preclusion, provides "'that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies.'" Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008) (quoting United States v. Alcan Aluminum Corp., 990 F.2d 711, 718-18 (2d Cir. 1993)) (emphasis in original); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979) ("Under the doctrine of collateral estoppel . . . the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.").

Maxineau's claims against City Auto are, at minimum, barred by the

3

doctrine of collateral estoppel. The Second Circuit has enumerated a four-part test for determining whether collateral estoppel applies: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Austin v. Downs, Rachlin & Martin, 270 Fed. Appx. 52, 54 (2d Cir. 2008); see also Overview Books, LLC v. United States, 755 F. Supp. 2d 409, 420 (E.D.N.Y. 2010).

In Maxineau I, the Court determined that plaintiff could not maintain an action in this Court against City Auto because, as a private company, City Auto did not act under color of state law within the meaning of 42 U.S.C. § 1983. Accordingly, the claim against City Auto was dismissed for failure to state a claim upon which relief may be granted. In this action, Maxineau seeks to raise the same issue that was decided in Maxineau I. As plaintiff has not asserted that he did not have a full and fair opportunity to litigate these issues, he may not seek to relitigate the claims that were already decided against him in this Court. See Evans v. Ottimo, 469 F.3d 278, 281-82 (2d Cir. 2006) ("[T]he party attempting to defeat [the] application [of issue preclusion] has the burden of establishing the absence of a full and fair opportunity to litigate the issues."). Accordingly, the complaint is barred by the doctrine of collateral estoppel.

Since the facts as Maxineau alleges them do not support any other federal claim and diversity jurisdiction being absent, both parties being citizens of New York, the complaint must be dismissed. As previewed above, ordinarily the Court would allow a *pro se* plaintiff an opportunity to amend his complaint, see Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000), but it declines to do so here since it is clear that there is no

4

possibility of alleging a plausible claim on these facts against this defendant in this Court. Simply, any attempt to amend the complaint would be futile and a grant of leave to try is unwarranted. Cuoco, 222 F.3d at 112.

## Conclusion

Accordingly, the complaint is dismissed as barred by the doctrine of collateral estoppel, since, as previously determined, it fails to state a claim upon which relief may be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close the case.

SO ORDERED.

                                                          s/ ENV

                                      ERIC N. VITALIANO
                                      United States District Judge

Dated:     Brooklyn, New York
             August 15, 2013